JOURNAL ENTRY AND OPINION
{¶ 1} Elizabeth Roberts, also known as Charmaine Woods, appeals the decision of the trial court denying her motion to dismiss. Roberts argues that the statute of limitations for the felonies she allegedly committed had expired and, therefore, her motion to dismiss should have been granted. For the following reasons, we affirm.
 {¶ 2} On August 12, 2002, Bureau of Criminal Investigation ("BCI") investigator Thomas Murphy ("Murphy") received an assignment to investigate a discrepancy in fingerprints from the Cleveland School Board. The fingerprints were taken from Charmaine Woods ("Woods"), a teacher applying for recertification of her teaching license. The prints supplied by Woods were registered to Elizabeth Roberts ("Roberts"), an individual with a prior felony conviction obtained from 1978. Woods maintained that she was Charmaine Woods and that she did not have a criminal background.
 {¶ 3} Murphy began investigating the matter and obtained a driver's license photo of Woods and a booking photo of Roberts. Murphy noted that both photos were of the same individual. On August 19, 2002, Murphy contacted Brian Semethy ("Semethy"), an investigator with the Department of Employment and Family Services ("DEFS") and began a dual investigation. Semethy informed Murphy that from 1990 to 1996, the DEFS supplied Woods that from 1990 to 1996, the DEFS supplied Woods with welfare payments. At that point, Murphy informed Semethy of the fingerprint discrepancy, that Woods was actually Roberts, and that since 1996, Roberts had been gainfully employed as a Cleveland school teacher. Semethy knew at that point that he had a small overpayment of food stamps case against Roberts relating to her being employed in 1996 while receiving benefits. However, the amount in controversy was not enough to grant subject matter jurisdiction to the court of common pleas.
 {¶ 4} In December 2002, the Cuyahoga County Grand Jury returned an indictment against Roberts charging her with fraud, identity theft, and tampering with government records, CR-430678. Semethy admitted that he knew of the indictment but claimed that at the time of the indictment, he did not have a solid theft case against Roberts.
 {¶ 5} Murphy and Semethy continued their investigation and determined that in May 2002, Roberts convinced former boyfriend, John Wiggins, to accompany a mentally challenged individual to Security Hut, a company offering fingerprinting services. At Security Hut, the mentally challenged woman identified herself as Charmaine Woods. Wiggins answered all of the questions for the woman and produced a distorted photo identification card for her. BCI read the fingerprints and reported no criminal history. However, investigators later confirmed that the woman Security Hut fingerprinted was not Roberts.
 {¶ 6} In late 2003, Roberts again attempted to deceive the employees of Security Hut. Roberts, claiming to be Woods, requested that she be fingerprinted. Employees were unable to fingerprint Roberts because the tips of her fingers had recent burns.
 {¶ 7} In early 2003, Murphy and Semethy were able to contact and interview relatives of both Woods and Roberts. They learned that Woods and Roberts grew up in the same neighborhood and attended the same school. The investigators also learned that Woods passed away in 1969. On May 15, 2003, the investigators obtained the death certificate for Woods.
 {¶ 8} The trial of Roberts in CR-430678 went forward in October 2003. During the trial, Roberts continued to insist that she was Charmaine Woods and demanded that additional fingerprints be obtained. Each set of fingerprints taken by the Sheriff's Department identified her as Elizabeth Roberts, a convicted felon. The jury returned a verdict of guilty on all counts, and the court sentenced Roberts to five years incarceration. Roberts appealed, but this court affirmed the judgment of the trial court.
 {¶ 9} On December 8, 2003, the Cuyahoga County Grand Jury returned a five-count indictment, Case No. CR-445076, charging Roberts with illegal use of food stamps, in violation of R.C. 2913.46; theft, in violation of R.C. 2913.02; and three counts of tampering with records, in violation of tampering with records, in violation of R.C. 2913.42. These charges stemmed from the actions taken by Roberts between October 1990 and July 1996 when it was alleged that she fraudulently obtained benefits from the DEFS by using the name Woods.
 {¶ 10} Roberts filed a motion to dismiss based on the statute of limitations set forth in R.C. 2901.13. The trial court denied the motion to dismiss after hearing testimony from Murphy and Semethy. Roberts subsequently pled no contest and the trial court found her guilty of all five charges. Roberts was sentenced to three years in prison, to run concurrently with her sentence received in CR-430678. The trial court also ordered Roberts to pay $21,330.33 in restitution. Roberts appeals.
 {¶ 11} In her sole assignment of error, Roberts argues that "the trial court erred in denying appellant's motion to dismiss on the basis of the running of the statute of limitations." This assignment lacks merit.
 {¶ 12} R.C. 2901.13 is the statute of limitations that prescribes the time within which criminal prosecutions must be brought by the state:
(A) Except as otherwise provided in this section, a prosecution isbarred unless it is commenced within the following periods after anoffense is committed:
 (1) For a felony other than aggravated murder or murder, six years[.]"State v. Hensley (1991), 59 Ohio St.3d 136, 137.
 {¶ 13} The State argues that R.C. 2901.13(G) applies to toll the statute statute of limitations. R.C. 2901.13(G) provides as follows:
"The period of limitation shall not run during any time when theaccused purposely avoids prosecution. Proof that the accused departedthis state or concealed the accused's identity or whereabouts isprima-facie evidence of the accused's purpose to avoid prosecution."
 {¶ 14} This argument is persuasive. It is undisputed that Roberts concealed her identity and held herself out to be Woods. Accordingly, her actions constitute prima facie evidence of a purpose to avoid prosecution. Furthermore, once Roberts became aware that the Cleveland School Board and the DEFS were aware of the fingerprint discrepancy, she went to greater lengths to conceal her true identity. Roberts demanded that additional fingerprints be taken; she had a mentally challenged individual claim to be Charmaine Woods and provide fingerprints, thus allowing Roberts to claim this woman's clean record as her own; and, she appeared at Security Hut claiming to be Charmaine Woods, asked to be fingerprinted, but was unable to be printed because the tips of her fingers had been burned. All of these actions are further proof that she purposely avoided prosecution for her crimes.
 {¶ 15} R.C. 2901.13(G) applies to toll the statute of limitations period for the crimes committed by Roberts. Therefore, the trial court did not err in denying Roberts' motion to dismiss.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., And Rocco, J., concur